UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 1:24-cv-10290 |
| | ) |
| CITY OF LOWELL, MASSACHUSETTS | ) |
| | ) |
| Defendant. | ) |

---

## COMPLAINT

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief and civil penalties brought under Sections 309(b) and (d) of the Federal Water Pollution Control Act of 1972, as amended (commonly referred to as the "Clean Water Act" and hereinafter referred to as "CWA"), 33 U.S.C. §§ 1319(b) and (d), against Defendant, City of Lowell ("Lowell" or "City") for: (1) unpermitted and illegal discharges from its wastewater collection system, all without authorization under a National Pollutant Discharge Elimination System ("NPDES") permit and all in violation of Section 301 of the CWA, 33 U.S.C. § 1311; and (2) unpermitted and illegal discharges of pollutants from its Small Municipal Separate Storm Sewer System ("Small MS4").

## JURISDICTION, VENUE AND NOTICE

2.      This Court has jurisdiction over the subject matter of this action under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345 and 1355.

3.      Venue is proper in this district under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1395.

4.      Notice of the commencement of this action has been given to the Commonwealth of Massachusetts ("Commonwealth") under Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANT

5.      Defendant Lowell is a municipality incorporated under the laws of the Commonwealth.

6.      Lowell is a "municipality" within the meaning of Section 502(4) of the CWA, 33 U.S.C. § 1362(4), and a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

## INTERVENING PLAINTIFF

7.      Section 309(e) of the CWA, 33 U.S.C. § 1319(e), provides:

> Whenever a municipality is a party to a civil action brought by the United States under this section, the State in which such municipality is located shall be joined as a party. Such State shall be liable for payment of any judgment, or any expenses incurred as a result of complying with any judgment, entered against the municipality in such action to the extent that the laws of that State prevent the municipality from raising revenues needed to comply with such judgment.

8.      The Commonwealth of Massachusetts has committed to join this action pursuant to Section 309(e) of the CWA, 33 U.S.C. § 1319(e), as an intervening plaintiff. The United

States reserves all claims that it may have against the Commonwealth of Massachusetts under Section 309(e).

## STATUTORY BACKGROUND

9.      The CWA is a comprehensive statute designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

10.      Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants to navigable waters of the United States except in compliance with, *inter alia*, the terms and conditions of a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

11.      Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the term "discharge of pollutants" to include "any addition of any pollutant to navigable waters from any point source."

12.      Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines the term "pollutant" to include, *inter alia*, "sewage…, chemical wastes, biological materials…, and…municipal…waste discharged into water."

13.      Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines the term "navigable waters" as "the waters of the United States, including the territorial seas."

14.       "Waters of the United States" includes waters that are "[c]urrently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce," as well as tributaries to such waters "that are relatively permanent, standing or continuously flowing bodies of water." 40 C.F.R. 120.2(a)(3). "Waters of the United States" also includes wetlands with a continuous surface connection to covered waters. 40 C.F.R. 120.2(a)(4)(ii). *See*. 88 Fed. Reg. 61964 (Sept. 8, 2023).

15.     Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines the term "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit . . . from which pollutants are or may be discharged."

16.     Section 402 of the CWA, 33 U.S.C. § 1342, provides that the Administrator may issue permits under the NPDES program for the discharge of pollutants into navigable waters of the United States upon such specific terms and conditions as the Administrator may prescribe.

17.     Pursuant to Section 402(p) of the CWA, 33 U.S.C. § 1342(p), EPA promulgated regulations at 40 C.F.R. § 122.26 that set forth NPDES permit requirements to address storm water discharges from Small MS4s.

18.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

19.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

20.     Under to Section 303(d) of the CWA, 33 U.S.C. § 1313(d), States are required to identify and list waters where the technology-based effluent limitations and other pollution controls under the CWA are not stringent enough to achieve applicable water quality standards (*see also* 40 C.F.R. § 130.7(b)(1)). The identified waters are commonly referred to as "impaired" waters.

21.     Under the Massachusetts Surface Water Quality Standards, 314 C.M.R. § 4.00, the Merrimack River, Concord River, Beaver Brook, and Meadow Brook are surface water bodies classified as Class B.  314 C.M.R. § 4.06.

4

22.     The applicable water quality standard for surface waters classified as Class B, set

forth at 314 C.M.R. § 4.05(5)(f)(1), provides that:

   a.   for E. coli:

       i.    concentrations shall not exceed 126 colony-forming units (cfu) per 100 mL, calculated as the geometric mean of all samples collected within any 90-day or smaller interval; and

       ii.   ii. no more than 10% of all such samples shall exceed 410 cfu per 100 mL (a statistical threshold value); or

   b.   for enterococci:

       iii.  i. concentrations shall not exceed 35 cfu per 100 mL, calculated as the geometric mean of all samples collected within any 90-day or smaller interval; and

       iv.   ii. no more than 10% of all such samples shall exceed 130 cfu per 100 mL (the statistical threshold value).

23.     Phosphorus is a nutrient.

24.     The applicable water quality standard for nutrients is set forth at 314 C.M.R.

§ 4.05(5)(c), provides in part, "Unless naturally occurring, all surface waters shall be free from

nutrients in concentrations that would cause or contribute to impairment of existing or designated

uses."

25.     MassDEP has determined that phosphorus levels are present in the Merrimack

River at concentration that cause impairment of warm water fishery uses.

## GENERAL ALLEGATIONS

26.     Lowell owns and operates the Lowell Regional Wastewater Utility treatment

facility ("LRWU") located near the eastern boundary of the City, on the Merrimack River.

27.     The LRWU receives flow from Lowell, as well as the Towns of Tewksbury,

Dracut, Tyngsboro, and Chelmsford. This flow is comprised of domestic wastewater, industrial

wastewater, and septage (collectively "wastewater"), as well as stormwater.

28.     Lowell uses both combined and separated sewer collection systems. A combined system collects wastewater and stormwater in a single set of pipes for conveyance to a treatment facility. A separated system uses one set of pipes for conveyance of wastewater to a treatment facility and a separate set of pipes to convey stormwater directly or indirectly to local water bodies.

29.     Because Lowell uses both a combined and separated sewer collection system, it employs three types of sewer pipes: (1) a combined system that conveys wastewater and stormwater to the LRWU; (2) a separate wastewater system that conveys wastewater to the LRWU, and (3) a separate stormwater system referred as a Small Municipal Separate Storm Sewer System or Small MS4 that discharges directly or indirectly to local water bodies.

30.     The Towns of Tewksbury, Dracut, Tyngsboro, and Chelmsford collect their wastewater only in separated sewer systems. These Towns convey wastewater to the LRWU and discharge stormwater directly into local water bodies.

31.     The LRWU provides both primary and secondary treatment of wastewater.

32.      Primary treatment at the LRWU involves mechanical screening of the wastewater flow and removal of solids from primary settling tanks.

33.     Secondary treatment at the LRWU involves aerating wastewater, which creates activated sludge that removes organics from the wastewater. The remaining water flow is then clarified, disinfected, and dechlorinated before being discharged into the Merrimack River.

34.     As designed, the LRWU has the capacity to provide primary and secondary treatment of 32 million gallons per day.

**Discharges from Lowell's CSO Outfalls**

35.     During wet weather events when the flow from Lowell's combined sewer and storm water system, together with the flow from separate wastewater systems, exceeds the capacity of the LRWU, Lowell discharges untreated wastewater from its combined system into local water bodies. These discharges are called Combined Sewer Overflows (CSOs).

36.     Lowell discharges to at least eight CSO outfalls, including six outfalls that discharge to the Merrimack River, one outfall that discharges to Beaver Brook, and one outfall that discharges to the Concord River. In addition to the eight CSO outfalls referred above, Lowell has identified an additional CSO outfall referred to as the First CSO Location. Based on the City's representations that the First CSO Location has not discharged in recent years, this complaint does not allege discharges from the First CSO Location.

37.     Beaver Brook and the Concord River are tributaries to the Merrimack River, which in turn discharges into the Atlantic Ocean, which are all "navigable waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

38.     Lowell's CSO outfalls are "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

39.     Discharges from Lowell's CSO outfalls include, among other things, "sewage," "biological materials," and "municipal waste," all "pollutants" under Section 502(6) of the CWA, 33 U.S.C. § 1362(6). These discharges contain high levels of E. coli and enterococcus, in addition to chemical wastes and other contaminants.

40.     On September 1, 2005, EPA, under the authority of Section 402 of the CWA, 33 U.S.C. § 1342, issued NPDES permit number MA0100633 to the City. This permit was reissued in 2019 (hereinafter "2019 NPDES Permit") and became fully effective on August 1, 2020, after

City's administrative appeal with the EPA Environmental Appeals Board was denied. ("EAB")
(NPDES Appeal No. 19-03).

41.     In addition to authorizing the discharge from the LRWU outfall, the City's 2005
NPDES Permit, and the subsequent 2019 NPDES Permit, further authorize the City to discharge
from specified CSO outfalls to the Merrimack River, Concord River, and Beaver Brook provided
that, among other things, the City maximizes flow to the LRWU for treatment and the discharges
do not cause or contribute to violations of federal or state water quality standards. 2019 NPDES
Permit Part I.A.2; I.F.2.

42.     In making water quality impairment determinations, as required under to Section
303(d) of the CWA, 33 U.S.C. § 1313(d), Massachusetts has divided its waters into discrete
segments. The active outfalls managed by the City collectively discharge into three different
segments of the Merrimack River (Segments MA84A-01, MA84A-02, MA84A-03), one
segment of Beaver Brook (Segment MA84A-11), and two segments of the Concord River
(Segments MA82A-08, MA82A-09).

43.     Massachusetts has classified each of these six segments as impaired for E. coli.

44.     Massachusetts has classified two of the six segments as impaired for phosphorus,
including Merrimack River Segment MA84A-02 and Merrimack River Segment MA84A-03,
which is immediately downstream from the LRWU outfall.

45.     Between from January 1, 2023, to July 31, 2023, Lowell's combined sewer
outfalls discharged over 430 million gallons with approximately 21 days of CSO activations to
Beaver Brook, the Concord River, and the Merrimack River.

46.     Discharges of combined wastewater and stormwater from the City's CSO outfalls
cause or contribute to violations of federal or state water quality standards for E. coli and

phosphorus in the Merrimack River, E. coli in Beaver Brook, and E. coli in the Concord River, all in violation of the City's NPDES Permit.

## Overflows of Combined System from Sewer Manholes

47.     Since June 2023, the City's combined wastewater systems experienced overflows from sewer manholes, which resulted in the discharge of untreated wastewater containing pollutants, including raw sewage, from point sources to either (a) Pawtucket Canal or (b) unnamed wetlands with a continuous surface connection to Trull Brook.

48.     These discharges are as follows:

| Date | Location in Lowell | Discharge location | Receiving water |
|---|---|---|---|
| June 26, 2023 | 67 Payne Street | Catch Basin to Small MS4 that flowed to Receiving Water | Pawtucket Canal, which flows to the Merrimack River |
| June 26, 2023 | 657 Middlesex Street | Direct to receiving water | Pawtucket Canal, which flows to the Merrimack River |
| June 27, 2023 | 35 Windward Road | Catch Basin to Small MS4 that flowed to Receiving Water | Wetland with continuous flow to Trull Brook and onto the Merrimack River |
| June 27, 2023 | 67 Payne Street | Catch Basin to Small MS4 that flowed to Receiving Water | Pawtucket Canal, which flows to the Merrimack River |
| June 27, 2023 | 657 Middlesex Street | Direct to Receiving Water | Pawtucket Canal, which flows to the Merrimack River |
| June 28, 2023 | 35 Windward Road | Catch Basin to Small MS4 that flowed to Receiving Water | Wetland with continuous flow to Trull Brook and onto the Merrimack River |
| July 3, 2023 | 35 Windward Road | Catch Basin to Small MS4 that flowed to Receiving Water | Wetland with continuous flow to Trull Brook and onto the Merrimack River |
| July 14, 2023 | 67 Payne Street | Catch Basin to Small MS4 that flowed to Receiving Water | Pawtucket Canal, which flows to the Merrimack River |
| July 14, 2023 | 657 Middlesex Street | Direct to Receiving Water | Pawtucket Canal, which flows to the Merrimack River |
| July 16, 2023 | 67 Payne Street | Direct to Receiving Water | Pawtucket Canal, which flows to the Merrimack River |

49.     Pawtucket Canal and Trull Brook are perennial water bodies that flow to the Merrimack River, which flows to the Atlantic Ocean, and accordingly Pawtucket Canal and Trull Brook are waters of the United States. 40 C.F.R. 120.2(a)(3). The above referenced wetlands with continuous surface connections to Trull Brook are therefore also waters of the United States. 40 C.F.R. 120.2(a)(4)(ii).

50.     Lowell's combined system discharges from overflowing sewer manholes cause or contribute to violations of federal or state water quality standards for E. Coli and phosphorus in the Merrimack River and are in violation of the City's NPDES Permit.

### Discharges from Small MS4

51.     Lowell is the owner and operator of a Small MS4, which is a system of conveyances (including roads with drainage systems, municipal streets, catch basins, curbs, gutters, ditches, man-made channels, and storm drains) designed to collect, convey, and discharge storm water to receiving waters.

52.     In 2010, Lowell initiated a storm water drainage outfall identification projection, which initially identified approximately 400 Small MS4 outfalls, including 82 Small SM4 outfalls that have dry weather flow. Dry weather flow within a storm water system can result from, among other things, infiltration (seepage of groundwater through, *e.g.* holes, cracks, joints failures), inflow (illicit wastewater connections to the storm water system), and activities such as vehicle washing and irrigation.

53.     In May 2022, Lowell revised its count of Small MS4 outfalls to 233 by eliminating privately owned storm water outfalls that discharged before connecting to the municipal Small MS4 system.

54.     Between 2018 and 2020, EPA conducted sampling at certain Lowell Small MS4 outfalls. For the purposes of this complaint, twenty-five EPA sampling events evidence Small MS4 discharge violations including:

- June 6, 2018 (7 outfalls that discharge to Merrimack River Segment MA84A-02);

- June 7, 2018 (1 outfall that discharges to Merrimack River Segment MA84A-01 and 1 outfall that discharges to Beaver Brook Segment MA84A-11);

- September 10, 2019 (6 outfalls that discharge to Merrimack River Segment MA84A-02 and 4 outfalls that discharge to Meadow Brook Segment MA82A-10); and

- September 23, 2020 (2 outfalls that discharge to Merrimack River Segment MA84A-02, 1 outfall that discharges to Beaver Brook Segment MA84A-11, 2 outfalls the discharge to Meadow Brook Segment MA82A-10, and 1 outfall that discharges to Concord River Segment MA82A-08).

55.     Meadow Brook has continuous flow to the Concord, the Concord River and Beaver Brook have continuous flow to the Merrimack River, which flows to the Atlantic Ocean. Accordingly, each of these Small MS4 outfalls sampled by EPA identified above discharged to waters of the United States within the meaning of Section 502(7) of the CWA 33 U.S.C. § 1362(7).

56.     EPA sampled at Lowell's Small MS4 outfalls for, among other things, ammonia, total chlorine, surfactants, E. coli, enterococcus, and pharmaceuticals and personal care products ("PPCPs") including Cotinine, Acetaminophen, Paraxanthine, Atenolol, Caffeine, Metoprolol, Diphenhydramine, and Carbamazepine.

57.     EPA's sampling a Lowell's Small MS4 outfalls demonstrated that the flow including wastewater. Specifically, of the 25 sampling actions referred to above: all contained Cotinine; 23 contained caffeine; 20 contained Carbamazepine; 10 contained enterococcus above 35 cfu per 100 mL (with one sample at 650 cfu per 100 mL); and 5 contained E. coli about 126 cfu per 100 mL (with one sample at 2595 cfu per 100 mL).

58.     Lowell's Small MS4 outfalls are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

59.     Unauthorized wastewater connections to Lowell's Small MS4 result in the discharge of pollutants from Lowell's Small MS4 outfalls.

60.     Unauthorized wastewater connections to Lowell's Small MS4 are either direct connections (*e.g.*, wastewater piping either mistakenly or deliberately connected to the storm drains) or indirect connections (*e.g.*, infiltration into the Small MS4 from cracks in Lowell's separate and combined sewer pipes).

61.     At times relevant to this Complaint, Lowell was authorized to discharge storm water from its Small MS4 under a NPDES General Permit for Stormwater Discharges from Small MS4s ("2003 General Permit") issued by EPA.

62.     Part I(B)(2)(j) of the 2003 General Permit provides that it does not authorize the discharge of storm water that is mixed with non-storm water, which includes untreated wastewater, such as sewage, unless in compliance with another NPDES permit or otherwise allowable under several exceptions set forth in Part I(F) of the 2003 General Permit, none of which are applicable here.

63.     Part I(B)(2)(k) of the 2003 General Permit provides that it does not authorize discharges of storm water that would cause or contribute to in-stream exceedance of water quality standards.

64.     Discharges of untreated wastewater combined with storm water from Lowell's Small MS4 contribute to in-stream exceedances of the Massachusetts Surface Water Quality Standards in the Merrimack River (Segments MA84A-01, MA84A-02), Beaver Brook (Segment MA84A-11), the Concord River (Segment MA82A-08), and Meadow Brook (Segment MA82A-10) by contributing pollutants, including sewage, heavy metals, toxics, oil and grease, solvents, nutrients, viruses, bacteria, and pharmaceutical compounds to receiving water bodies.

65.     The 2003 Small MS4 General Permit requires Lowell, as part of the program to detect and eliminate illicit discharges (see Section II.B.3 - Illicit Discharge and Elimination ("IDDE") in the 2003 Small MS4 General Permit), Lowell must have, if not already existing, a storm system sewer map.  *See* 2003 Small MS4 General Permit § II.B.3.a. Lowell has not completed the necessary mapping.

66.     The 2003 Small MS4 General Permit requires Lowell to effectively prohibit, through an ordinance or other regulatory mechanism, non-storm water discharges into the Small MS4 and implement appropriate enforcement procedures and actions. *See* 2003 Small MS4 General Permit § II.B.3.b. Lowell does not have an adequate regulatory mechanism to prohibit illicit discharges.

67.     Under the 2003 Small MS4 General Permit, Lowell is also required to develop and implement a plan to detect and address non-storm water discharges from its Small MS4, including procedures to identify priority areas and illicit discharges. *See* 2003 Small MS4

General Permit § II.B.3.c. The City has not completed the identification of priority areas or illicit discharges.

68.     The 2003 Small MS4 General Permit requires Lowell to have an ordinance or other regulatory mechanism to require sediment and erosion control at construction sites.  *See* 2003 Small MS4 General Permit § II.B.4. The City does not have a regulatory mechanism to require sediment and erosion control at construction sites.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**(Combined Sewer Overflow Discharges)**</u>

69.     The United States realleges and incorporates by reference the allegations of paragraphs 1 through 68 above.

70.     From January 1, 2023, to July 31, 2023, Lowell's eight active combined sewer outfalls collectively discharged over 430 million gallons to Beaver Brook, the Concord River, and the Merrimack River.

71.     Lowell's CSO outfalls are "point sources," as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

72.     Beaver Brook and the Concord River are tributaries to the Merrimack River, which in turn discharges into the Atlantic Ocean, which are all "navigable waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

73.     Lowell's 2019 NPDES Permit authorizes the City to discharge from the eight active outfalls to the Merrimack River, Concord River, and Beaver Brook provided that the discharges do not cause or contribute to violations of federal or state water quality standards. 2019 NPDES Permit Part I.A.2; I.F.2.

74.     Lowell's CSO outfalls collectively discharge into three different segments of the Merrimack River (Segments MA84A-01, MA84A-02, MA84A-03), one segment of Beaver

14

Brook (Segment MA84A-11), and two segments of the Concord River (Segments MA82A-08 and MA82A-09).

75.     Massachusetts has classified these six segments as impaired for E. coli and two of the six segments as impaired for phosphorus (Merrimack River Segments MA84A-01, MA84A-02, MA84A-03).

76.     Discharges of combined wastewater and stormwater from the City's CSO outfalls cause or contribute to violations of federal or state water quality standards for E. coli and/or phosphorus in the above listed river segments in violation of the City's NPDES Permit.

77.     Upon information and belief, Lowell will continue to discharge pollutants from its active CSO outfalls in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a) and the 2019 NPDES Permit, unless restrained by this Court. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Lowell is subject to injunctive relief to prevent future violations of the CWA related to CSO discharges.

78.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation of a permit issued under Section 402 of the CWA, 33 U.S.C. §1342, shall be subject to a civil penalty not to exceed $25,000 per day for each violation. This civil penalty level has been adjusted upward over time at 40 C.F.R. § 19.4 as required by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Pub. L.114-74, Section 701). For the 2023 CSO violations set forth in this complaint, Lowell is subject to civil penalties of $64,618 per violation per day.

## SECOND CLAIM FOR RELIEF
### (Discharges from Combined Sewer System Manholes)

79.     The United States realleges and incorporates by reference the allegations of paragraphs 1 through 78, above.

80.     Since June 2023, Lowell's combined wastewater systems experienced overflows from sewer manholes as set forth in Paragraph 48 above, which resulted in the discharge of untreated wastewater containing pollutants, including raw sewage, into the Pawtucket Canal or unnamed wetlands that have a continuous surface connection to Trull Brook.

81.     Pawtucket Canal and Trull Brook are perennial water bodies that flow to the Merrimack River, which flows to the Atlantic Ocean, and accordingly Pawtucket Canal and Trull Brook are waters of the United States. 40 C.F.R. 120.2(a)(3). The above referenced wetlands with a continuous surface connection to Trull Brook are therefore also waters of the United States. 40 C.F.R. 120.2(a)(4)(ii).

82.     Lowell's combined sewer system discharges from overflowing manholes discharged either directly to surface waters, or first to Small MS4 street drains and then to surface waters through Small MS4 outfalls.

83.     Lowell's combined sewer system discharges from manholes are discharges from "point sources," as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

84.     Lowell is engaged in the "discharge of pollutants" as a result of discharges from its combined sewer system manholes within the meaning of Section 502(12) of the CWA, 33 U.S.C. § 1362(12).

85.     The discharge of non-storm water from Lowell's Small MS4 outfalls as a result of overflowing combined system manholes is not authorized by Part I(B)(2)(j) of the 2003 General

Permit, and untreated wastewater is not one of the excepted non-storm water discharges set forth in Part I(F) of the 2003 General Permit.

86.    None of Lowell's discharges from combined sewer system manholes to waters of the United States is authorized by a NPDES permit or any provision of the CWA.

87.    Lowell's combined sewer system discharges from manholes are violations of Section 301(a) of the CWA, 33 U.S.C § 1311(a).

88.    Upon information and belief, Lowell will continue to discharge pollutants from its combined sewer system as a result of overflowing manholes to waters of the United States in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a), the Massachusetts Surface Water Quality Standards, and the 2019 NPDES Permit, unless restrained by this Court. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Lowell is subject to injunctive relief to prevent future violations of the CWA related discharges from manholes.

89.    Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation of a permit issued under Section 402 of the CWA, 33 U.S.C. §1342, shall be subject to a civil penalty not to exceed $25,000 per day for each violation. This civil penalty level has been adjusted upward over time at 40 C.F.R. § 19.4 as required by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Pub. L.114-74, Section 701). For the 2023 CSO violations set forth in this complaint, Lowell is subject to civil penalties of $64,618 per violation per day.

## THIRD CLAIM FOR RELIEF
### (Discharges of Pollutants from Small MS4 Outfalls)

90.     The United States realleges and incorporates by reference the allegations of paragraphs 1 through 89.

91.     Water quality samples taken by EPA from Lowell's Small MS4 outfalls to the Merrimack River, Beaver Brook, Concord River, and Meadow Brook from 2018 to 2020 demonstrate that Lowell discharged pollutants, including E. coli and Enterococcus bacteria and PPCPs including cotinine, caffeine, and carbamazepine, all indicative of sewage chemical wastes, biological materials, and municipal waste, from its Small MS4 outfalls.

92.     E. coli and Enterococcus bacteria, sewage, chemical wastes, biological materials, and municipal waste are "pollutants" within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

93.     Lowell is engaged in the "discharge of pollutants" from its Small MS4 outfalls within the meaning of Section 502(12) of the CWA, 33 U.S.C. § 1362(12)

94.     Lowell's Small MS4 outfalls, from which pollutants are discharged, are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

95.     Lowell has discharged and/or is discharging storm water that is mixed with non-storm water, which includes untreated wastewater, including sewage, from its Small MS4 outfalls.

96.     Lowell's small MS4 outfalls directly or indirectly flow to impaired water bodies including, but not limited to: Merrimack River Segments MA84A-01, MA84A-02; Beaver Brook Segment (Segment MA84A-11); Concord River Segment MA82A-08; and Meadow River Segment MA82A-10.

97.     Lowell has discharged and/or is discharging E. coli and Enterococcus bacteria to surface waters classified as Class B in excess of applicable water quality standards from its Small MS4 outfalls. Such discharges contribute to in-stream exceedances of water quality standards.

98.     The discharges of sewage and untreated wastewater from Lowell's Small MS4 outfalls to waters of the United States are not authorized by the 2003 General Permit or any other NPDES permit or any provision of the CWA.

99.     The discharges of pollutants from Lowell's Small MS4 outfalls, as described above, are violations of Section 301(a) of the CWA, 33 U.S.C 1311(a).

100.     Lowell is also in violation of the 2003 Small MS4 General Permit by: (a) failing to complete map requirements for its Small MS4, as part of its Illicit Discharge and Elimination (IDDE) program to detect and elimination illicit discharges (2003 MS4 Permit § II.B.3.a); (b) failing to effectively prohibit, through an ordinance or other regulatory mechanism, non-storm water discharges into the Small MS4 and implement appropriate enforcement procedures and actions (2003 MS4 Permit § II.B.3.b); (c) failing to develop and implement a plan to detect and address non-storm water discharges from its Small MS4, including procedures to identify priority areas and illicit discharges (2003 MS4 Permit § II.B.3.c); and (d) failing to have an ordinance or other regulatory mechanism to require sediment and erosion control at construction sites (2003 MS4 Permit § II.B.4).

101.     Upon information and belief, Lowell will continue to discharge pollutants from its Small MS4 to waters of the United States in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a), the Massachusetts Surface Water Quality Standards, and the 2003 Small MS4 General Permit, unless restrained by this Court. Pursuant to Section 309(b) of the CWA, 33 U.S.C.

§ 1319(b), Lowell is subject to injunctive relief to prevent future violations of the CWA related

discharges from the City's Small MS4.

102.    Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who

violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation of a permit

issued under Section 402 of the CWA, 33 U.S.C. §1342, shall be subject to a civil penalty not to

exceed $25,000 per day for each violation. This civil penalty level has been adjusted upward

over time at 40 C.F.R. § 19.4 as required by the Federal Civil Penalties Inflation Adjustment Act

of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection

Improvement Act of 1996), and the Federal Civil Penalties Inflation Adjustment Act

Improvements Act of 2015 (28 U.S.C. § 2461 note; Pub. L.114-74, Section 701). For the Small

MS4 discharge violations occurring between 2018 and the present, Lowell is subject to civil

penalties of $64,618 per violation per day.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that the Court grant

the following relief:

1.    Permanently enjoin the City, under Section 309(b) of the CWA, 33 U.S.C. § 1319(b),

from any and all future violations of the CWA and from discharges of pollutants except as

authorized by a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342;

2.    Order the City to pay civil penalties not to exceed $64,618 per violation per day.

3.    Award the United States its costs in this action; and

4.    Grant such other relief as the Court deems just and proper.

Respectfully submitted,


**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


/s/ David L. Gordon_____
DAVID L. GORDON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044 7611
david.l.gordon@usdoj.gov
202-532-5456

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY
District of Massachusetts


OF COUNSEL
Tonia Bandrowicz, Esq., U.S. Environmental Protection Agency, Region 1
Jaegun Lee, Esq., U.S. Environmental Protection Agency, Region 1